**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4538

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDRICK OMAR COBB,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:18-cr-00683-HMH-1)

Submitted:  March 31, 2023                                      Decided:  May 11, 2023

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: David A. Brown, Sr., DABROWNLAW, LLC, Rock Hill, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

PER CURIAM:

Kendrick Omar Cobb appeals his conviction following a jury trial for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, Cobb argues that the district court erred in denying his motion to suppress statements he made during a custodial interrogation in which he had counsel but was not informed of his right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).

When reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error and its legal conclusions de novo.  *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021).  We consider the evidence in the light most favorable to the Government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted).  We "particularly defer to a district court's credibility determinations" and will only "reverse a lower court's finding of fact" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not err by denying Cobb's motion to suppress because Cobb's retained counsel was present for the duration of the interrogation.  *See Miranda*, 384 U.S. at 466 ("The presence of counsel[] . . . would be the adequate protective device necessary to make the process of police interrogation conform to the dictates of the privilege [against self-incrimination]."); *Edwards v. Arizona*, 451 U.S. 477, 485-86 (1981) ("The Fifth Amendment right identified in *Miranda* is the right to have counsel present at any custodial interrogation.").

2

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*